Filed 4/24/25  P. v. Brady CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PATRICK DAMIAN BRADY,<br><br>    Defendant and Appellant. | G063549<br><br>(Super. Ct. No. 95HF1058)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions. Request for judicial notice denied.

Christopher Stansell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

Patrick Damian Brady appeals from the denial of his petition for recall and resentencing pursuant to Penal Code section 1172.75 (all undesignated statutory references are to this code). Brady contends the trial court erred in concluding he was not entitled to relief because his enhancement for a prior prison term under former section 667.5, subdivision (b) (prison prior) was stricken for purposes of sentencing. We agree with Brady and conclude he is entitled to be resentenced under section 1172.75. Thus, we reverse and remand for resentencing.

## PROCEDURAL HISTORY

In 1995, Brady pled guilty to being a felon in possession of a handgun and relevant here, he admitted, in addition to having suffered a prior felony "strike" conviction, to having a prison prior. Relevant here, the trial court found the prison prior to be true which was "stricken for purpose of sentencing only."

In November 2023, Brady filed a petition for recall and resentencing under section 1172.75, which the trial court denied, finding Brady was "ineligible for relief because all related enhancements were either stayed or stricken at time of sentencing."

## DISCUSSION

"Prison priors are governed by section 667.5. When first enacted in 1976, this section required trial courts to impose a one-year enhancement for any nonviolent felony for which a prison sentence was imposed, unless the defendant remained free of custody for at least five years after completing that sentence." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987 (*Espino*).) Now, section 1172.75 deems certain one-year sentence enhancements for prison priors, imposed before January 1, 2020, to be invalid and sets forth a mechanism for resentencing individuals

2

"serving a term for a judgment" that includes one or more prison priors. (§ 1172.75, subds. (a) & (b).) The sole issue before us in this appeal is whether section 1172.75 entitles a defendant to a resentencing hearing if the defendant's prison priors were imposed but stricken for the purposes of sentencing.

There is a split of authority in the appellate courts regarding whether a trial court must conduct a full resentencing hearing pursuant to section 1172.75 when an invalidated prison prior was imposed and stayed, and the issue is currently pending before the California Supreme Court in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*).[1]

To determine whether a prison prior that was stricken for purposes of sentencing entitles a defendant to a full resentencing hearing under section 1172.75, we follow the well-established principles of statutory interpretation. "The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) The

---

[1] In *Rhodius*, the court concluded section 1172.75 does not apply if the defendant's prison priors were previously imposed and stayed. (*Rhodius, supra*, 97 Cal.App.5th at pp. 41–42, 45, 49, rev.gr.) However, several other Courts of Appeal have concluded section 1172.75 applies when prison priors were imposed in the original judgment, regardless of whether the punishment was stayed or stricken. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 668 [prison priors stayed], review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272–1274 [prison priors stayed], review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Christianson* (2023) 97 Cal.App.5th 300, 305 [prison priors stayed], review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1283 [prison priors stayed]; *Espino, supra*, 104 Cal.App.5th at p. 193 [prison prior stricken for purposes of sentencing], rev.gr.)

fundamental task here is to determine the Legislature's intent and effectuate the law's purpose. (*Ibid.*) """"We begin by examining the statute's words, giving them a plain and commonsense meaning."""" (*Ibid.*) "'We examine that language, not in isolation, but in the context of the statutory framework as a whole to discern its scope and purpose and to harmonize the various parts of the enactment. [Citation.] "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.""" (*People v. Prudholme* (2023) 14 Cal.5th 961, 975–976.)

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [former section 667.5, subdivision (b)], except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." Citing to the reasoning in *Rhodius*, *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*), and the dissent in *Espino*, the Attorney General argues Brady is

ineligible for resentencing because his prison prior was "struck, not imposed."[2] We disagree.

Subdivision (b) of section 1172.75 directs "[t]he Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county [to] identify those persons in their custody currently serving a term for a judgment that includes an [invalid] enhancement . . . and . . . provide [their information] to the sentencing court that imposed the enhancement." This obligation in subdivision (b) is not limited to the identification of only those defendants who are actually serving a sentence for the prison prior. The absence of such a limitation indicates the Legislature did not intend to restrict relief to those defendants whose sentences had been imposed and executed as the Attorney General argues. If the Legislature had intended such a limitation, it had the ability to do so. (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.)

In *Gonzalez*, our Supreme Court analyzed the words "'impose'" and "'imposed'" in different subdivisions of section 12022.53 to harmonize its provisions. (*Gonzalez, supra*, 43 Cal.4th at pp. 1126–1127.) Construing sections 12022.53 and 12022.5 in *Gonzalez*, the Supreme Court stated: "[I]t is important to understand that the word 'impose' applies to enhancements that

_____

[2] The Attorney General also argues Brady is ineligible for resentencing under section 1172.75 because he "is not currently serving time for a judgment that includes a now invalid prison prior." He also asks this court to take judicial notice of the court records in Brady's Los Angeles County case to support the contention Brady "is not currently in custody" on the judgment at issue here. We deny this request as section 1172.75 provides not only relief for those "currently serving a sentence based on the [prison prior]" (§ 1172.75, subds. (b)(1) & (b)(2)), but for "all other individuals" (*id.*, subds. (b)(2) & (c)(2)).

5

are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.'" (*Gonzalez*, at p. 1125 [quoting a case also addressing firearm enhancements under §§ 12022.5 & 12022.53].)

However, multiple courts have found *Gonzalez* to be distinguishable. (See, e.g., *Saldana, supra*, 97 Cal.App.5th at p. 1277, rev.gr.) Here, there is no issue of contradicting subdivisions in section 1172.75, unlike the situation in *Gonzalez*. (See *Saldana*, at p. 1277.) Also, the legislative intent guiding the Supreme Court's interpretation in *Gonzalez* is the opposite of the legislative intent behind section 1172.75. In *Gonzalez*, "the Legislature's stated intent was to ensure that "'substantially longer prison sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime."'" (*Christianson, supra*, 97 Cal.App.5th at p. 313, rev.gr.) Here, the Legislature had a different intent in enacting section 1172.75. As the *Christianson* court explained, "[T]he statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' [Citation.] Consistent with that intent, the other provisions of the statute require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform. . . . Thus, it appears the Legislature intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Christianson*, at p. 314; accord, *Saldana*, at p. 1278.)

The Attorney General also notes "striking an inert enhancement does not result in a lesser sentence." But the reasoning in *Christianson* would still apply here. Unless the enhancement has been stricken altogether by the sentencing court, it remains "imposed" for purposes of relief under section 1172.75.

We acknowledge the well-reasoned dissent in *Espino*, which concludes, in instances where the punishment for an enhancement was stricken, the enhancement has not been imposed within the meaning of section 1172.75. (*Espino, supra,* 104 Cal.App.5th at p. 202 (dis. opn. of Lie, J.), rev.gr.) We have also considered the Attorney General's arguments as well as the reasoning in *Rhodius* and acknowledge the *Rhodius* court makes valid points in its discussion of the legislative intent behind section 1172.75. But this does not convince us the statute must be interpreted as only applying to defendants whose prison priors were imposed and executed. Indeed, we struggle to find ambiguity in the statute's text warranting the need to examine the legislative history for guidance. (See *People v. Prudholme, supra*, 14 Cal.5th at p. 976.)

An enhancement found to be true becomes part of the judgment and must be addressed as part of the sentencing process. The sentence on the enhancement may then be imposed and executed, or imposed and stayed or stricken for the purposes of sentencing, so that the enhancement does not increase the defendant's sentence. The prison prior is accounted for in the judgment whether or not the sentence is increased because of such. Consequently, we do not draw a distinction between an executed sentence and a stayed or stricken one in the application of section 1172.75.

Pending direction from the California Supreme Court, we conclude, in line with the weight of authority, the term "imposed" in section

7

1172.75 applies to defendants, like Brady, regardless of whether the prison prior was originally stayed, stricken for purposes of sentencing, or executed. We therefore reverse the trial court's postjudgment order and remand to the trial court.

DISPOSITION

The postjudgment order denying Brady's petition for recall and resentencing is reversed and the matter is remanded to trial court for resentencing. Upon conclusion of the new sentencing hearing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

MOTOIKE, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.